**In the Matter of SCOPAC; Scotia Development LLC; Salmon Creek LLC; Scotia Inn, Inc.; Britt Lumber Company, Inc.; The Pacific Lumber Company; Steve Wills Trucking and Logging LLC, Debtors.**

---

Bank of New York Trust Company NA, as Indenture trustee for the Timber Notes ("Indenture Trustee"); CSG Investments, Inc.; Angelo, Gordon & Company L.P.; Aurelius Capital Management, L.P.; Davidson Kempner Capital Management LLC; Scotia Redwood Foundation, Inc., Appellants,

v.

Pacific Lumber Company; Scotia Pacific LLC; Marathon Structured Finance Fund LP; Mendocino Redwood Company LLC; Committee of Unsecured Creditors; Bank of America, Appellees.

Angelo, Gordon & Co. LP; Aurelius Capital Management LP; Davidson Kempner Capital Management LLC, Appellants,

v.

Marathon Structured Finance Fund LP; Mendocino Redwood Company LLC; Committee of Unsecured Creditors; Bank of America; Scotia Pacific LLC; Pacific Lumber Company, Appellees.

CSG Investments, Inc., Appellant,

v.

Scotia Pacific LLC; Pacific Lumber Company, Appellees.

Scotia Redwood Foundation, Inc., Appellant,

v.

Scotia Pacific LLC; Pacific Lumber Company, Appellees.

No. 09–40307.

United States Court of Appeals, Fifth Circuit.

Aug. 4, 2011.

Roy Theodore Englert, Jr. (argued), Robbins, Russell, Englert, Orseck, Unter-einer & Sauber, L.L.P., Washington, DC, Robert Andrew Black, Zack Allen Clement, Fulbright & Jaworski, L.L.P., Murray B. Cohen, Akin, Gump, Strauss, Hauer & Feld, L.L.P., Houston, TX, Toby L. Gerber, William Richard Greendyke, Oscar Rey Rodriguez, Louis Raymond Strubeck, Jr., Fulbright & Jaworski, L.L.P., Charles R. Gibbs, Akin, Gump, Strauss, Hauer & Feld, L.L.P., Dallas, TX, Isaac M. Pachulski, Jeffrey H. Davidson, Stutman, Treister & Glatt, Eric D. Winston, Quinn, Emanuel, Urquhart, Oliver & Hedges, Los Angeles, CA, for Appellants.

Shelby Arthur Jordan, Jordan, Hyden, Womble, Culbreth & Holzer, P.C., Corpus Christi, TX, Kathryn A. Coleman, Gibson, Dunn & Crutcher, L.L.P., Steven Michael Schwartz, David Neier, Bankruptcy Counsel, Winston & Strawn, L.L.P., Allan S. Brilliant (argued), Nicole Bernadine Herther–Spiro, Dechert, L.L.P., New York City, John David Penn, Haynes & Boone, L.L.P., Fort Worth, TX, G. Eric Brunstad, Jr., Dechert, L.L.P., Hartford, CT, Frederick Craig Schafrick, Richard Michaels Wyner, Goodwin Procter, L.L.P., Washington, DC, Maxim Boris Litvak, Pachulski Stang Ziehl & Jones, L.L.P., San Francisco, CA, Evan M. Jones, O'Melveny & Myers, L.L.P., Los Angeles, CA, for Appellees.

Before JONES, Chief Judge, PRADO, Circuit Judge, and OZERDEN,* District Judge.

EDITH H. JONES, Chief Judge:

Treating the petition for rehearing en banc as a petition for panel rehearing, the panel, on further consideration, hereby modifies its earlier opinion in the following respects. *See United States v. Pack*, 612 F.3d 341 (5th Cir.2010).

Our prior opinion ended with the statement that "[t]he judgment of the district court is VACATED, and the case is RE-MANDED with instructions to enter judgment for the Noteholders for a $29.7 million administrative priority claim against the reorganized debtor." *In re Scopac*, 624 F.3d 274, 286 (5th Cir.2010). This statement might suggest that the district court has no choice but to award the Noteholders the full $29.7 million that they seek. We write to clarify that partial recovery may be justified if necessary to avert the concerns of the equitable mootness doctrine.

In an earlier case involving the same bankruptcy, this court recognized that, in appeals from substantially consummated plans, courts "may fashion whatever relief is practicable" for the benefit of appellants. *In re Pacific Lumber*, 584 F.3d 229, 241 (5th Cir.2009). Allowing the possibility of partial recovery obviates the need for equitable mootness. As explained in our original opinion, "so long as there is the possibility of 'fractional recovery,' the Noteholders need not suffer the mootness of their claims." *In re Scopac*, 624 F.3d at 282.

Partial recovery may be necessary if an award of full recovery would be impractical or would undermine the plan. In this case, there remains no question of "impracticality" in the sense that transactions that occurred in consummation are *fait accompli*, and the Noteholders do not seek to unwind them. Whether a full award of the $29.7 million administrative priority claim would jeopardize the reorganized debtor's financial health, however, is an open question that the instant opinion intended to commit to the bankruptcy court on remand.

Consistent with this explanation, we substitute the following decisional sentence in our earlier opinion: "The judgment of the district court is VACATED, and the case is REMANDED with instructions to enter judgment for the Noteholders and against the reorganized debtor for an administrative priority claim of *up to* $29.7 million."

Except as noted above, the panel opinion is unmodified. The petition for panel rehearing is DENIED.